UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHAKIEM BRUNSON,

                Plaintiff,                              **COMPLAINT**

                                                                **JURY TRIAL DEMANDED**

             -against-

THE CITY OF NEW YORK,
NYPD COMMISSIONER DERMOT SHEA,
POLICE OFFICER FRANCISCO GARCIA,
UNIDENTIFIED NYC POLICE OFFICERS and
AN UNIDENTIFIED NYPD SERGEANT,

                      Defendants.
------------------------------------------------------------------------X

        Plaintiff Shakiem Brunson, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

1       This civil rights action arises from the unjustified beating, physical abuse, denial of medical care and conversion of property, of the Plaintiff by police officers.

## JURISDICTION AND VENUE

2       Jurisdiction is founded upon the existence of a Federal Question.

3       This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

4       Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

5       Pursuant to 28 U.S.C. §1391(a) (1 & 2) (b) (1 & 2), venue is proper in the Southern District of New York because events forming the basis of this Complaint occurred in this

District.

6          Plaintiff's state court claims are properly before this Court pursuant to 28 U.S.C. §1367.

## PARTIES

7          At all times relevant, Plaintiff Shakiem Brunson, was a resident of the City and State of New York.

8          Upon information and belief, at all times hereinafter mentioned, the CITY OF NEW YORK (hereinafter, NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9          Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

10         Defendant NYPD Commissioner Dermot Shea, was at all times relevant, the Commissioner of Police of the NYPD, and as such he was that agency's final decision maker and he is sued herein in his official capacity.

11         Defendant Shea was at all times relevant duly appointed and acting as an employee of the NYPD and at all times relevant he was a state actor acting under color of law.

12         Defendants Francisco Garcia, Unidentified Police Officers and an Unidentified NYPD Sergeant were employed by NYC, as members of its police department and these Defendants are sued herein in their individual capacities.

13         Defendants Francisco Garcia, Unidentified Police Officers and an Unidentified NYPD Sergeant were at all times relevant duly appointed and acting as employees of the NYPD and at all times relevant they were state actors acting under color of law.

14     This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as under the common law of the State of New York.

## CONDITIONS PRECEDENT

15     On or about May 11. 2020, and within ninety days after the claims arose, Plaintiff filed a Notice of Claim upon Defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

16     The Notice of Claim was in writing and sworn to by the Plaintiff, and contained the name and post office addresses where correspondence can be received by the Plaintiff and by Plaintiff's attorney.

17     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claim arose, and damage and injuries claimed to have been sustained.

18     To date, no hearing pursuant to 50-h Hearing has been noticed or conducted.

19     More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

20     This action is commenced within one year and ninety days after the happening of the events upon which the state claims are based and within three years of when Plaintiff's federal causes of action arose.

21     Defendant NYC is vicariously liable to the Plaintiff for the individual Defendants' common law torts via the principle of *respondeat superior*.

22     New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

23     On May 2, 2020 at approximately 4:30 p.m. at 9th Street and Avenue D Plaintiff was sitting on a crate outside of a store speaking with his young daughter via facetime.

24     The Defendant officers approached him and spoke with him, and without provocation, Mr. Brunson was forcefully dragged off of the crate, placed against a wall, searched, and his hands were forced behind him bent in a painful, unnatural position towards his upper back.

25     Plaintiff was then brought forcefully to the ground and while face down on the ground he was struck, handcuffed and Defendant Garcia, who upon information and belief weighs at least 250 pounds, sat on Mr. Brunson with his knee placed on Mr. Brunson's neck.

26     Mr. Brunson had not committed a crime and he offered no resistance to the arrest.

27     Mr. Brunson repeatedly informed the Defendants that the handcuffs were too tight but they ignored his requests to loosen them.

28     Mr. Brunson was forecably slammed into a police RMP.

29     While Mr. Brunson was being placed in the RMP Mr. Brunson's neck was squeezed and he was repeatedly punched by the Defendant Unidentified NYPD Sergeant.

30     Plaintiff was placed in the RMP and brought to PSA4 where he was beaten outside of the precinct by several officers including but not limited to Defendant Francisco Garcia.

31     Mr. Brunson's beating happened while he was handcuffed, and at some points shackled, and posing no danger and offering no resistance to the bogus arrest.

32     Mr. Brunson was placed in a cell while still handcuffed and shackled and he repeatedly requested of the officers to loosen the cuffs and shackles but they refused to do so.

33     EMS workers showed up at the precinct for Mr. Brunson and two other people the

Defendants had abused but the Defendants strongly pressured the EMS workers, not to take their prisoners to the hospital, the EMS workers complied with the officers' requests leaving the precinct without treating Mr. Brunson or taking him to the hospital.

34 Mr. Brunson, who has been gainfully employed, went into the precinct with a sum of money in his pocket but the officers vouchered and returned $800 less than Mr. Brunson had on his person; and upon information and belief, the officers stole the remaining approximately $800 of the Plaintiff's money.

35 Mr. Brunson was brought to Central Booking and approximately 28 hours after first being taken into custody, he was released as the NY County District Attorney's Office declined to prosecute.

36 While in custody, during the height of the pandemic, Plaintiff was placed in a cell with approximately twenty-five other prisoners, none of whom appeared to be wearing masks.

37 The Plaintiff suffered injuries to his back, neck and wrists, which were bruised and cut and his left wrist appears to be permanently scarred, he suffers from a loss of feeling in his left wrist, he had approximately $800 of his money apparently stolen by the Defendants and he was in custody for 28 hours before being released.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
VIA THE USE OF EXCESSIVE
AND UNREASONABLE FORCE**

38 Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39  Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the Plaintiff was unlawfully subjected to excessive and unreasonable force, by the Defendants.

40  The excessive force Plaintiff was subjected to includes, but is not limited to, having his hands lifted painfully upward towards his head while his hands were behind his back, being thrown to the ground, having a knee placed painfully on his neck, being punched, being thrown against an RMP and otherwise struck and being subjected to excessively tight handcuffs which bruised, cut and may have scarred his wrists, all of which caused Plaintiff pain suffering, injury as well as emotional harms.

41  The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without any reasonable necessity to use any force, much less the excessive, unreasonable force they employed, without Plaintiff's consent, with malice, with a conscious disregard for the injuries it could and did cause and with an intent to inflict pain and suffering.

42  As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

43  By reason of the unlawful use of excessive, unreasonable force, the Plaintiff was harmed physically, he incurred cuts, bruises, possible scarring, loss of bodily function, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing physical harms, he was emotionally harmed and Plaintiff was otherwise harmed.

44    By reason of the aforesaid, the Plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.





**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
FAILURE TO INTERVENE TO PREVENT
THE USE OF EXCESSIVE, AND UNREASONABLE FORCE**

45      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

46    Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the individual Defendants had a reasonable opportunity to intervene to prevent the various uses of excessive force against the Plaintiff, which were ongoing for an extended length of time, which took place in their presence and they failed to do so, causing and allowing Plaintiff to be injured further.

47    The excessive force to which the Plaintiff was subjected, was effected by the Defendants without authority of law and without necessity to use any force, much less the excessive, unreasonable force they employed and the force employed was without Plaintiff's consent, with malice and with an intent to inflict pain and suffering.

48    As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

49    By reason of the unlawful use of excessive, unreasonable force, the Plaintiff was harmed physically, he incurred permanent scarring, loss of bodily function, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing physical harms, he was emotionally harmed and Plaintiff was otherwise harmed.

50    By reason of the aforesaid, the Plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE DUE PROCESS CLAUSE OF
THE FOURTEENTH AMENDMENT
VIA THE DENIAL OF TIMELY, ADEQUATE MEDICAL CARE**

51  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

52  The Defendant officers with deliberate indifference to the Plaintiff's well being, obstructed the Plaintiff from obtaining medical care and in so doing violated his rights pursuant to the due process clause of the Fourteenth Amendment.

53  Defendants' deliberate indifference caused the Plaintiff to suffer ongoing pain and emotional harms while the Defendant officers witnessed his obvious, demonstrable pain and suffering and they nevertheless needlessly obstructed the Plaintiff from procuring timely medical treatment by pressuring the EMS workers not to treat his injuries.

54  The Defendant officers were subjectively aware of the Plaintiff's condition when they obstructed the Plaintiff in his efforts to obtain medical care.

55  As a direct result of the Defendant officers' deliberate indifference to the Plaintiff's need for medical care and treatment, he suffered pain, emotional harms and his injuries were exacerbated and that he was otherwise harmed.

56  By reason of the aforesaid, the Plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AGAINST DEFENDANT NYC i.e., MONELL CLAIM**

57    Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

58    NYC and Defendant Shea are liable to the Plaintiff for having violated Plaintiff's rights protected by the Fourth Amendment to the United States Constitution, more specifically his right to be free from the use of excessive and unreasonable force.

59    NYC and Defendant SheA were faced with a pattern of misconduct, by Defendant Garcia and other Defendant officers from PSA4, and failed to act, compelling the conclusion that NYC acquiesced in or tacitly authorized its employees' unlawful actions.

60    The NYPD faileD to train, supervise, or discipline Defendants, including but not limited to Defendant Garcia, a failure that amounts to a deliberate indifference to the rights of persons with whom Defendant Garcia comes into contact, in this matter, the Plaintiff, and in so doing directly caused Plaintiff's harms.

61    Defendant Shea, is the official who speaks with final policymaking authority concerning the action and inaction which caused the particular violation at issue in this matter, in particular the ongoing pattern of the use of excessive and unnecessary force in violation of the Fourth Amendment by the individual Defendants.

62    As a *de facto* policy, NYC and Defendant Shea tolerate members of the NYPD committing acts violating arrestees' Constitutional rights and have repeatedly tolerated Defendant Garcia's violent unjustifiable acts.

63    NYC and Defendant Shea operate and control a police department with numerous

members who they are aware have histories of being violent, in particular Defendant Garcia, and the Defendants NYC and Commissioner Shea have been deliberately indifferent to the Plaintiff's rights as the Defendants failed to investigate or discipline the repeat offenders who beat the Plaintiff and by leaving them on the street with their guns and badges, and by failing to take action to ameliorate those officers' misconduct, they have directly caused Plaintiff's harms.

64     NYC and Defendant Shea are aware that Defendant Francisco Garcia has an extensive history of using excessive and unreasonable force, both on and off duty, yet NYC and Defendant Shea have failed to take action to prevent the threat he poses to the public, which directly resulted in Plaintiff's harms.

65     As a direct result of the Defendants' deliberate indifference to the individual Defendants' propensities, the Plaintiff suffered pain, physical injury and emotional harms and that he was otherwise harmed.

66     By reason of the aforesaid, the Plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK CONVERSION

67     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

68     The Defendant NYC has committed the common law tort of conversion by the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights, in this case, the officers apparently stole the Plaintiff's approximately $800.

69      Mr. Brunson had rightful possession of the property in dispute here, the approximately $800; the Defendants intended to assert control and right of ownership over Mr. Brunson's money, and, and the Defendants interfered with Mr. Brunson's control of the $800, to the exclusion of the Plaintiff's rights.

70      Defendant NYC is responsible for the common law torts of the individual officers herein, via the principle of respondeat superior.

71      As a result of the Defendants having converted Mr. Brunson's money, the Plaintiff is entitled to his $800 as well as punitive damages, in an amount to be determined by the trier of fact, as the Defendants' acts, at a bare minimum, border on criminal behavior.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK via BATTERY

72      Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

73      The Defendant NYC via the principal of respondeat superior is liable for the individual Defendants' battery of the Plaintiff in that the individual Defendants made unconsented bodily contact with Mr. Brunson, the bodily contact was made with intent, and such contact was offensive in nature.

74      As a direct result of the Defendant officers' intentional behavior, NYC is liable to Mr. Brunson for a battery.

75      By reason of the battery, the Plaintiff was harmed physically, he incurred cuts, bruises, possible scarring, loss of bodily function, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing physical harms, he was

emotionally harmed and Plaintiff was otherwise harmed.

76        By reason of the aforesaid, the Plaintiff has been damaged in the sum of FIVE

HUNDRED THOUSAND ($500,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK via ASSAULT

77        Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

78        The Defendant NYC, via the principal of respondeat superior, is responsible for the NYS common law tort of assault commited against the Plaintiff.

79         The Plaintiff was placed in an imminent apprehension of a harmful unconsented bodily contact.

80        As a direct result of the Defendant officers' intentional behavior, NYC is liable to the Plaintiff for an assault as he was made to fear an imminent offensive unconsented bodily contact which caused him to be emotionally harmed and Plaintiff was otherwise harmed.

81        By reason of the aforesaid, the Plaintiff has been damaged in the sum of ONE

HUNDRED THOUSAND ($100,000.00) DOLLARS.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983 VIA FALSE ARREST

82        Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

83        Plaintiff was subjected to a false arrest by the Defendants.

84        Mr. Brunson's rights have been violated pursuant to the Fourth Amendment of the United

States Constitution made applicable to the states by virtue of the Fourteenth Amendment and brought before this Court pursuant to 42 U.S.C. § 1983, due to his being falsely arrested by the Defendants.

85      The Plaintiff was confined by Defendants; Defendants intended to confine the Plaintiff; Plaintiff was conscious of his confinement; and the Plaintiff did not consent to the confinement which was not otherwise privileged.

86      As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

87      Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Brunson was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and he was otherwise harmed.

88      By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A TENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE COMMON LAW
OF THE STATE OF NEW YORK
via FALSE IMPRISONMENT**

89      Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

90      Plaintiff was subjected to a false arrest by the Defendants.

91      Mr. Brunson's rights have been violated pursuant to the common law of the State of New

York via a false imprisonment.

92    The Plaintiff was confined by Defendants; Defendants intended to confine the Plaintiff; Plaintiff was conscious of his confinement; and the Plaintiff did not consent to the confinement which was not otherwise privileged.

93    NYC is liable for the individual Defendants' actions via respndeat superior.

94    As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights, privileges and immunities pursuant to common law of the State of New York and more particularly, his right to be free from arrest without probable cause.

95    Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Brunson was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and he was otherwise harmed.

96    By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE FOURTH AMENDMENT
## AND 42 U.S.C.§ 1983
## VIA AN ILLEGAL SEARCH

97    Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

98    Plaintiff was subjected to an illegal search in violation of his Fourth Amendment rights by the Defendants.

99    The Plaintiff was stopped searched and detained by Defendants without a reasonable belief that he had committed or was about to commit, a crime.

100    As a direct consequence of Defendants' actions, the Plaintiff was deprived of rights,

privileges and immunities pursuant to the Fourth Amendment to the United States Constitution and more particularly, his right to be free from an illegal search.

101     Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Brunson was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and he was otherwise harmed.

102     By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### AS AND FOR AN TWELFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH AMENDMENT
### AND 42 U.S.C.§ 1983
### SUPERVISOR LIABILITY

103     Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

104     The Defendant Unidentified NYPD Sergeant, is liable to the Plaintiff for the violations of Plaintiff's Fourth Amendment rights due to his role as a supervisor as he was "personally involved" ny directly participating in the use of excessive force, he was grossly negligent in failing to adequately manage his subordinate who along with him caused the violations of Plaintiff's rights and he exhibited deliberate indifference to the rights of the Plaintiff by failing to act to prevent what he saw happening in his presence.

105     By reason of the unlawful use of excessive, unreasonable force, the Plaintiff was harmed physically, he incurred cuts, bruises, possible scarring, loss of bodily function, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still experiencing various

ongoing physical harms, he was emotionally harmed and Plaintiff was otherwise harmed.

106     By reason of the aforesaid, the Plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and by reason of the malicious and reckless behavior of the Defendants the Plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

    **WHEREFORE,** Plaintiff respectfully request that judgment be entered as follows:

    (A)    Declaratory relief finding that Plaintiff's rights under the United States Constitution were violated;

    (B)    Compensatory damages to be determined at trial in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS

    (C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in amounts to be determined at trial;

    (D)    An award to Plaintiff of the costs and disbursements herein;

    (E)    An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

    (F)    Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 11, 2020

                                      / s /
                            FRED LICHTMACHER
                            The Law Office of Fred Lichtmacher P.C.
                            Attorney for Plaintiff
                            116 West 23rd Street Suite 500
                            New York, New York 10011
                            Tel. No. (212) 922-9066

To:    The City of New York
100 Church Street
New York New York 10007

NYPD Commissioner Dermot Shea
1 Police Plaza
New York New York 10007

Police Officer Francisco Garcia
PSA4
130 Loisaida Ave
New York, NY 10009