UNITED STATES DISTRICT COURT                    20-cv-04461-PAC
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SHAKIEM BRUNSON and ASHLEY SERRANO,
                                        Plaintiffs,              **AMENDED COMPLAINT**

                                                                **JURY TRIAL DEMANDED**

                    -against-


THE CITY OF NEW YORK,
NYPD COMMISSIONER DERMOT SHEA,
POLICE OFFICER FRANCISCO GARCIA,
UNIDENTIFIED NYC POLICE OFFICERS and
AN UNIDENTIFIED NYPD SERGEANT,

                            Defendants.
-----------------------------------------------------------------------X

          Plaintiffs Shakiem Brunson and Ashley Serrano by their attorney, Fred

Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein,

respectfully allege as follows:

1       This civil rights action arises from the unjustified beating, physical abuse, denial of

medical care and conversion of property, of the Plaintiffs by police officers.

### JURISDICTION AND VENUE

2       Jurisdiction is founded upon the existence of a Federal Question.

3       This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to

the United States Constitution.

4       Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 &

4).

5       Pursuant to 28 U.S.C. §1391(a) (1 & 2) (b) (1 & 2), venue is proper in the Southern

-1-

District of New York because events forming the basis of this Complaint occurred in this District.

6       Plaintiffs' state court claims are properly before this Court pursuant to 28 U.S.C. §1367.

## PARTIES

7       At all times relevant, Plaintiff Shakiem Brunson, was a resident of the City and State of New York.

8       At all times relevant, Plaintiff Ashley Serrano, was a resident of the City and State of New York.

9       Upon information and belief, at all times hereinafter mentioned, the CITY OF NEW YORK (hereinafter, NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10      Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

11      Defendant NYPD Commissioner Dermot Shea, was at all times relevant, the Commissioner of Police of the NYPD, and as such he was that agency's final decision maker and he is sued herein in his official capacity.

12      Defendant Shea was at all times relevant duly appointed and acting as an employee of the NYPD and at all times relevant he was a state actor acting under color of law.

13      Defendants Francisco Garcia, Unidentified Police Officers and an Unidentified NYPD Sergeant were employed by NYC, as members of its police department and these Defendants are sued herein in their individual capacities.

-2-

14      Defendants Francisco Garcia, Unidentified Police Officers and an Unidentified NYPD

Sergeant were at all times relevant acting as employees of the NYPD and as state actors acting

under color of law.

15      This action arises under the United States Constitution, particularly under the provisions

of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United

States Code, Section 1983 as well as under the common law of the State of New York.

### CONDITIONS PRECEDENT

16      On or about May 11. 2020, and within ninety days after the claims arose, Plaintiff

Shakeim Brunson filed a Notice of Claim upon Defendant the City of New York by delivering

copies thereof to the person designated by law as a person to whom such claims may be served.

17      The Notice of Claim was in writing and sworn to by the Plaintiff, and contained the name

and post office addresses where correspondence can be received by the Plaintiff and by Plaintiff's

attorney.

18      The Notice of Claim set out the nature of the claims, the time when, the place where and

manner by which the claim arose, and damage and injuries claimed to have been sustained.

19      To date, no hearing pursuant to 50-h Hearing has been noticed or conducted.

20      More than thirty days have elapsed since the service of the aforementioned Notice of

Claim and adjustment or payment thereof has been neglected or refused.

21      On or about May 26, 2020, and within ninety days after the claims arose, Plaintiff Ashley

Serrano filed a Notice of Claim upon Defendant the City of New York by delivering copies

thereof to the person designated by law as a person to whom such claims may be served.

22      The Notice of Claim was in writing and sworn to by the Plaintiff, and contained the name

and post office addresses where correspondence can be received by the Plaintiff and by Plaintiff's attorney.

23      The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and damage and injuries claimed to have been sustained.

24      To date, no hearing pursuant to 50-h Hearing has been noticed or conducted.

25      More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

26      This action is commenced within one year and ninety days after the happening of the events upon which the state claims are based and within three years of when Plaintiffs' federal causes of action arose.

27      Defendant NYC is vicariously liable to the Plaintiffs for the individual Defendants' common law torts via the principle of *respondeat superior*.

28      New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

29      On May 2, 2020 at approximately 4:30 p.m. at 9th Street and Avenue D Shakeim Brunson was sitting on a crate outside of a store speaking with his young daughter via facetime.

30      His close friend Ashley Serrano approached him.

31      The Defendant officers approached Mr. Brunson and spoke with him, and without provocation, Mr. Brunson was forcefully dragged off of the crate, placed against a wall, searched, and his hands were forced behind him bent in a painful, unnatural position towards his upper back.

32      Mr. Brunson was then brought forcefully to the ground and while face down on the

ground he was struck, handcuffed and Defendant Garcia, who upon information and belief

weighs at least 250 pounds, sat on Mr. Brunson with his knee placed on Mr. Brunson's neck.

33      Mr. Brunson had not committed a crime and he offered no resistance to the arrest.

34      Mr. Brunson repeatedly informed the Defendants that the handcuffs were too tight but

they ignored his requests to loosen them.

35      Mr. Brunson was forecably slammed into a police RMP.

36      While Mr. Brunson was being placed in the RMP Mr. Brunson's neck was squeezed and

he was repeatedly punched by the Defendant Unidentified NYPD Sergeant.

37      Plaintiff was placed in the RMP and brought to PSA4 where he was beaten outside of the

precinct by several officers including but not limited to Defendant Francisco Garcia.

38      Mr. Brunson's beating happened while he was handcuffed, and at some points shackled,

and posing no danger and offering no resistance to the bogus arrest.

39      Mr. Brunson was placed in a cell while still handcuffed and shackled and he repeatedly

requested of the officers to loosen the cuffs and shackles but they refused to do so.

40      EMS workers showed up at the precinct for Mr. Brunson and two other people the

Defendants had abused but the Defendants strongly pressured the EMS workers, not to take their

prisoners to the hospital, the EMS workers complied with the officers' requests leaving the

precinct without treating Mr. Brunson or taking him to the hospital.

41      Mr. Brunson, who has been gainfully employed, went into the precinct with a sum of

money in his pocket but the officers vouchered and returned $800 less than Mr. Brunson had on

his person; and upon information and belief, the officers stole the remaining approximately $800

of the Plaintiff's money.

42     Mr. Brunson was brought to Central Booking and approximately 28 hours after first being

taken into custody, he was released as the NY County District Attorney's Office declined to

prosecute.

43     While in custody, during the height of the pandemic, Mr. Brunson was placed in a cell

with approximately twenty-five other prisoners, none of whom appeared to be wearing masks.

44     Mr. Brunson suffered injuries to his back, neck and wrists, which were bruised and cut

and his left wrist appears to be permanently scarred, he suffers from a loss of feeling in his left

wrist, he had approximately $800 of his money apparently stolen by the Defendants and he was

in custody for 28 hours before being released.

45     At the same time Mr. Brunson was grabbed off of the crate he was sitting on, Ms. Serrano

was man handled and arrested for no reason while standing on 9th Street and D and not

committing any crimes by the Defendants and in particular by Defendant Garcia.

46     Ms. Serrano was pulled forcefully by the arms and was swung around like a rag doll and

shortly thereafter she was forcefully brought to the ground landing on her knees, handcuffed and

officers were pulling her bag which was still held by her arms while she was in handcuffs and the

officers, including the Sergeant on the scene and Garcia, pulled on the bag causing her arms to be

scratched and in pain.

47     The Sergeant on the scene had a knee and his elbow on Ms. Serrano's back which was

particularly serious for Ms. Serrano as she was diagnosed at an early age with scoliosis.

48     Ms. Serrano repeatedly asked the officers to loosen the handcuffs to no avail.

49     Ms. Serrano was brought to the precinct and placed in a cell.

-6-

50    Ms. Serrano began vomiting in the precinct as Garcia and other officers saw her vomiting.

51    Ms. Serrano requested medical treatment and approximately two hours later the EMS showed up and only were allowed to look at her through the cell.

52    The EMS workers and the Defendants saw the vomit in the cell.

53    While the EMS workers were looking at Ms. Serrano through the cell door Defendant Garcia was telling them to hurry up.

54    Ms. Serrano was not examined or treated by the EMS workers before they left without her.

55    Ms. Serrano was brought at approximately 4:30 am to Central Booking where she was telling the officers she needed medical assistance but she was ignored.

56    Ms. Serrano was placed next to a garbage pail so as she vomited she could do so into the pail while she remained handcuffed to a rail.

57    A little over 24 hours later Ms. Serrano was 343'd, released without seeing the Judge, and she was informed that he was not being prosecuted.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
## VIA THE USE OF EXCESSIVE
## AND UNREASONABLE FORCE

58    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

59    Plaintiffs' rights have been violated under the Fourth Amendment of the United States

Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the Plaintiffs were unlawfully subjected to excessive and unreasonable force, by the Defendants.

60     The excessive force Plaintiffs were subjected to includes, but is not limited to, Plaintiff Brunson having his hands lifted painfully upward towards his head while his hands were behind his back, being thrown to the ground, having a knee placed painfully on his neck, being punched, being thrown against an RMP and otherwise struck and being subjected to excessively tight handcuffs which bruised, cut and may have scarred his wrists, all of which caused Plaintiff pain suffering, injury as well as emotional harms.

61     Plaintiff Serrano Ms. Serrano was pulled forcefully by the arms and was swung around like a rag doll and shortly thereafter she was forcefully brought to the ground landing on her knees.

62     Ms. Serrano was handcuffed and officers were pulling her bag which was still held by her arms while she was in handcuffs and the officers including the Sergeant on the scene and Garcia pulled on the bag causing her arms to be scratched and in pain.

63     The Sergeant on the scene had a knee and his elbow on Ms. Serrano's back which was particularly serious for Ms. Serrano as she was diagnosed at an early age with scoliosis.

64     Ms. Serrano repeatedly asked the officers to loosen the handcuffs to no avail.

65     The excessive force to which the Plaintiffs were subjected, was effected by the Defendants without authority of law and without any reasonable necessity to use any force, much less the excessive, unreasonable force they employed, without either Plaintiff's consent, with malice, with a conscious disregard for the injuries it could and did cause and with an intent to

inflict pain and suffering.

66      As a direct result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly Plaintiffs' right to be free from the use of excessive and unreasonable force.

67      By reason of the unlawful use of excessive, unreasonable force, the Plaintiffs were harmed physically, Mr. Brunson incurred cuts, bruises, possible scarring, loss of bodily function, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing physical harms, he was emotionally harmed and Mr. Brunson was otherwise harmed.

68      By reason of the unlawful use of excessive, unreasonable force, Ms. Serrano's wrists and back were injured and she has ongoing physical harms as well as emotional harms.

69      By reason of the aforesaid, the Plaintiffs have been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each, and by reason of the malicious and reckless behavior of the Defendants the Plaintiffs are entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.



**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA**
**FAILURE TO INTERVENE TO PREVENT**
**THE USE OF EXCESSIVE, AND UNREASONABLE FORCE**

70      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

71      Plaintiffs' rights have been violated under the Fourth Amendment of the United States

Constitution  made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C.

§ 1983, in that the individual Defendants had a reasonable opportunity to intervene to prevent the

various uses of excessive force against the Plaintiffs, which were ongoing for an extended length

of time, which took place in their presence and they failed to do so, causing and allowing

Plaintiffs to be injured further.

72      The excessive force to which the Plaintiffs were subjected, was effected by the

Defendants without authority of law and without necessity to use any force, much less the

excessive, unreasonable force they employed and the force employed was without Plaintiffs'

consent, with malice and with an intent to inflict pain and suffering.

73      As a direct result of Defendants' actions, Plaintiffs were deprived of rights, privileges and

immunities under the Fourth Amendment of the United States Constitution, being more

particularly Plaintiffs' right to be free from the use of excessive and unreasonable force.

74      By reason of the Defendants' failure to intervene to stop the unlawful use of excessive,

unreasonable force, the Plaintiffs were harmed physically, Mr. Brunson incurred permanent

scarring, loss of bodily function, he was subjected to extreme physical pain, humiliation,

embarrassment, anxiety, he was and is still experiencing various ongoing physical harms, he was emotionally harmed and Mr. Brunson was otherwise harmed.

75      By reason of the Defendants' failure to intervene to stop the unlawful use of excessive, unreasonable force, Ms. Serrano's wrists and back were injured and she has ongoing physical harms as well as emotional harms.

76      By reason of the aforesaid, the Plaintiffs have been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each, and by reason of the malicious and reckless behavior of the Defendants the Plaintiffs are entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE DUE PROCESS CLAUSE OF
THE FOURTEENTH AMENDMENT
VIA THE DENIAL OF TIMELY, ADEQUATE MEDICAL CARE**

77      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

78      The Defendant officers with deliberate indifference to the Plaintiffs' well being, obstructed the Plaintiffs from obtaining medical care and in so doing violated their rights pursuant to the due process clause of the Fourteenth Amendment.

79      Defendants' deliberate indifference caused the Plaintiffs to suffer ongoing pain and emotional harms while the Defendant officers witnessed their obvious, demonstrable pain and suffering, inluding Ms. Serrano vomiting in her cell and they nevertheless needlessly obstructed the Plaintiffs from procuring timely medical treatment by pressuring the EMS workers not to

-12-

treat their injuries.

80      The Defendant officers were both subjectively and objectively aware of the Plaintiffs'

conditions when they obstructed the Plaintiffs in their efforts to obtain medical care.

81      As a direct result of the Defendant officers' deliberate indifference to the Plaintiffs' need

for medical care and treatment, they suffered pain, emotional harms and their injuries were

exacerbated and that they were otherwise harmed.

82      By reason of the aforesaid, the Plaintiffs have been damaged in the sum of FIVE

HUNDRED THOUSAND ($500,000.00) DOLLARS each, and by reason of the malicious and

reckless behavior of the Defendants the Plaintiffs are entitled to awards of punitive damages, and

an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AGAINST DEFENDANT NYC i.e., MONELL CLAIM

83      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

84      NYC and Defendant Shea are liable to the Plaintiffs for having violated Plaintiffs' rights

protected by the Fourth Amendment to the United States Constitution, more specifically their

right to be free from the use of excessive and unreasonable force.

85      NYC and Defendant Shea were faced with a pattern of misconduct, by Defendant Garcia

and other Defendant officers from PSA4, and failed to act, compelling the conclusion that NYC

acquiesced in or tacitly authorized its employees' unlawful actions.

86      The NYPD failed to train, supervise, or discipline Defendants, including but not limited

to Defendant Garcia, a failure that amounts to a deliberate indifference to the rights of persons with whom Defendant Garcia comes into contact, in this matter, the Plaintiffs, and in so doing directly caused Plaintiffs' harms.

87     Defendant Shea, is the official who speaks with final policymaking authority concerning the action and inaction which caused the particular violation at issue in this matter, in particular the ongoing pattern of the use of excessive and unnecessary force in violation of the Fourth Amendment by the individual Defendants.

88     As a *de facto* policy, NYC and Defendant Shea tolerate members of the NYPD committing acts violating arrestees' Constitutional rights via the use of excessive force and have repeatedly tolerated Defendant Garcia's violent, unjustifiable acts.

89     NYC and Defendant Shea operate and control a police department with numerous members who they are aware have histories of being violent, in particular Defendant Garcia, and the Defendants NYC and Commissioner Shea have been deliberately indifferent to the Plaintiffs' rights as the Defendants failed to investigate or discipline the repeat offenders who beat and otherwise subjected the Plaintiffs to the use of excessive force and by leaving them on the street with their guns and badges, and by failing to take action to ameliorate those officers' misconduct, they have directly caused Plaintiffs' harms.

90     NYC and Defendant Shea are aware that Defendant Francisco Garcia has an extensive history of using excessive and unreasonable force, both on and off duty, yet NYC and Defendant Shea have failed to take action to prevent the threat he poses to the public, which directly resulted in Plaintiffs' harms.

91     As a direct result of the Defendants' deliberate indifference to the individual Defendants'

propensities, the Plaintiffs suffered pain, physical injury and emotional harms and that they were otherwise harmed.

92      By reason of the aforesaid, the Plaintiffs have been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK CONVERSION**

93      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

94      The Defendant NYC has committed the common law tort of conversion by the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights, in this case, the officers apparently stole Mr. Brunson's approximately $800.

95      Mr. Brunson had rightful possession of the property in dispute here, the approximately $800; the Defendants intended to assert control and right of ownership over Mr. Brunson's money, and, and the Defendants interfered with Mr. Brunson's control of the $800, to the exclusion of the Plaintiff's rights.

96      Additionally, the Defendant officers committed an act of conversion when they broke Ms. Serrano's cell phone during the course of the arrest.

97      Defendant NYC is responsible for the common law torts of the individual officers herein, via the principle of respondeat superior.

98      As a result of the Defendants having converted Mr. Brunson's money, the Plaintiff is

entitled to his $800, and Ms. Serrano is entitled to the full value of her broken cell phone

approximately $1,000 and both Plaintiffs are entitled to punitive damages, in amounts to be

determined by the trier of fact, as the Defendants' acts, at a bare minimum, border on criminal

behavior.

**AS AND FOR A SIXTH CAUSE OF ACTION ON**
**BEHALF OF PLAINTIFF**
**PURSUANT TO THE COMMON LAW**
**OF THE STATE OF NEW YORK**
**via BATTERY**

99      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

100     The Defendant NYC via the principal of respondeat superior is liable for the individual

Defendants' battery of the Plaintiffs in that the individual Defendants made unconsented bodily

contact with Mr. Brunson, and Ms, Serrano, the bodily contact was made with intent, and such

contact was offensive in nature.

101     As a direct result of the Defendant officers' intentional behavior, NYC is liable to Mr.

Brunson and Ms. Serrano for battery.

102     By reason of the battery, the Plaintiffs were harmed physically, Mr. Brunson incurred

cuts, bruises, possible scarring, loss of bodily function, he was subjected to extreme physical

pain, humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing

physical harms, he was emotionally harmed and Mr. Brunson was otherwise harmed.

103     By reason of the battery, Ms. Serrano's wrists and back were injured and she has ongoing

physical harms as well as emotional harms.

104     By reason of the aforesaid, the Plaintiffs have been damaged in the sum of FIVE

HUNDRED THOUSAND ($500,000.00) DOLLARS each.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFFS
## PURSUANT TO THE COMMON LAW OF
## THE STATE OF NEW YORK
## via ASSAULT

105    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

106    The Defendant NYC, via the principal of respondeat superior, is responsible for the New

York State common law tort of assault committed against the Plaintiffs.

107     The Plaintiffs were placed in an imminent apprehension of a harmful unconsented bodily

contact.

108    As a direct result of the Defendant officers' intentional behavior, NYC is liable to the

Plaintiffs for assaults as the Plaintiffs were made to fear imminent offensive unconsented bodily

contact which caused them to be emotionally harmed and Plaintiffs were otherwise harmed.

109    By reason of the aforesaid, the Plaintiffs have been damaged in the sum of ONE

HUNDRED THOUSAND ($100,000.00) DOLLARS each.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983
## VIA FALSE ARREST

110    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

111    Plaintiffs were subjected to a false arrest by the Defendants.

112    Plaintiffs' rights have been violated pursuant to the Fourth Amendment of the United

States Constitution made applicable to the states by virtue of the Fourteenth Amendment and brought before this Court pursuant to 42 U.S.C. § 1983, due to their being falsely arrested by the Defendants.

113    The Plaintiffs were confined by Defendants; Defendants intended to confine the Plaintiffs; Plaintiffs were conscious of their confinement; and the Plaintiffs did not consent to their confinements which were not otherwise privileged.

114    As a direct consequence of Defendants' actions, the Plaintiffs were deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

115    Among other invasions of their privacy, offenses to their dignity and violations of their rights, Plaintiffs were subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and they were otherwise harmed.

116    By reason of the aforesaid, the Plaintiffs has been damaged and they are entitled to compensatory damages in sum of not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS each and punitive damages amounts to be determined at trial and Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A NINTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**VIOLATION OF THE COMMON LAW**
**OF THE STATE OF NEW YORK**
**via FALSE IMPRISONMENT**

117    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

-18-

118    Plaintiffs were subjected to being falsely arrested by the Defendants.

119    The Plaintiffs' rights have been violated pursuant to the common law of the State of New York via a false imprisonment.

120    The Plaintiffs were confined by Defendants; Defendants intended to confine the Plaintiffs; Plaintiffs were conscious of their confinement; and the Plaintiffs did not consent to the confinements which were not otherwise privileged.

121    NYC is liable for the individual Defendants' actions via respndeat superior.

122    As a direct consequence of Defendants' actions, the Plaintiffs were deprived of rights, privileges and immunities pursuant to common law of the State of New York and more particularly, his right to be free from arrest without probable cause.

123    Among other invasions of their privacy, offenses to their dignity and violations of their rights, Plaintiffs were subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and they were otherwise harmed.

124    By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in sums of not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS each.

### AS AND FOR AN TENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### VIOLATION OF THE FOURTH AMENDMENT
### AND 42 U.S.C.§ 1983
### VIA AN ILLEGAL SEARCH

125    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

126    Plaintiffs were subjected to being searched illegally in violation of their Fourth Amendment

rights by the Defendants.

127    The Plaintiffs were stopped searched and detained by Defendants without a reasonable belief that they had committed or were about to commit, crimes.

128    As a direct consequence of Defendants' actions, the Plaintiffs were deprived of rights, privileges and immunities pursuant to the Fourth Amendment to the United States Constitution and more particularly, their right to be free from an illegal search.

129    Among other invasions of their privacy, offenses to their dignity and violations of their rights, Plaintiffs were subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed and embarrassed and they were otherwise harmed.

130    By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory damages in a sum not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS each and punitive damages in amounts to be determined at trial and Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH AMENDMENT
### AND 42 U.S.C.§ 1983
### SUPERVISOR LIABILITY

131    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

132    The Defendant Unidentified NYPD Sergeant, is liable to the Plaintiffs for the violations of Plaintiffs' Fourth Amendment rights due to his role as a supervisor as he was "personally involved" ny directly participating in the use of excessive force and he was grossly negligent in failing to adequately manage his subordinates who along with him caused the violations of Plaintiffs' rights

and he exhibited deliberate indifference to the rights of the Plaintiffs by failing to act to prevent what he saw happening in his presence.

133    By reason of the Defendant Sergeant's failure to supervise his subordinates Plaintiffs were subjected to the unlawful use of excessive, unreasonable force, the Plaintiff Mr. Brunson were harmed physically, he incurred cuts, bruises, possible scarring, loss of bodily function, he was subjected to extreme physical pain, humiliation, embarrassment, anxiety, he was and is still experiencing various ongoing physical harms, he was emotionally harmed and Plaintiff was otherwise harmed.

134    By reason of the Defendant Sergeant's failure to supervise his subordinates Plaintiff Ms. Serrano was subjected to the unlawful use of excessive, unreasonable force, her wrists and back were injured and she has ongoing physical harms as well as emotional harms.

135    By reason of the aforesaid, the Plaintiffs have been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each, and by reason of the malicious and reckless behavior of the Defendants the Plaintiffs are entitled to awards of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered as follows:

(A)    Declaratory relief finding that Plaintiffs' rights under the United States Constitution and under the common law of the State of New York were violated;

(B)    Compensatory damages to be determined at trial in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages be awarded against the individual Defendants in Plaintiffs' federal causes of action in amounts to be determined at trial;

(D)     An award to Plaintiffs of the costs and disbursements herein;

(E)     An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       July 4, 2020

                                          / s /
                          FRED LICHTMACHER
                          The Law Office of Fred Lichtmacher P.C.
                          Attorney for Plaintiff
                          116 West 23rd Street Suite 500
                          New York, New York 10011
                          Tel. No. (212) 922-9066

To:     Mark David Zuckerman Attorney for
        The City of New York
        100 Church Street
        New York New York 10007

        NYPD Commissioner Dermot Shea
        1 Police Plaza
        New York New York 10007

        Police Officer Francisco Garcia
        PSA4
        130 Loisaida Ave
        New York, NY 10009